IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

HURRICANE TECHNOLOGICAL
SYSTEMS CORP.

    Debtors

CASE NO. 09-00515 (ESL)

CHAPTER 7

NOREEN WISCOVITCH RENTAS,
TRUSTEE OF THE CHAPTER 7
ESTATE OF HURRICANE
TECHNOLOGICAL SYSTEMS

    Plaintiff(s)

vs.

REYNALDO RIVERA

    Defendant

ADV. PROC. 15-0035

OPINION AND ORDER

This case is before the court upon the motion for summary judgment and the statement of facts in support to the motion for summary judgment filed by the trustee on May 25, 2016; the opposition to summary judgment filed by the defendant Reynaldo Rivera on July 1, 2016; the trustee's reply to the defendant's opposition on July 7, 2016; and the objection and sur-reply filed by the defendant on July 12, 2016 and July 15, 2016. The complaint and the motion for summary judgment pray the court to order the defendant to pay unpaid invoices resulting from products sold by the Debtor. The defendant opposes alleging and submitting evidence of having paid in full for the balanced owed.

SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the

nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The

nonmoving party need only oppose a summary judgment motion once the moving party has met its burden.  Adickes, 398 U.S. at 159.

DISCUSSION

At the status conference held on July 8, 2016 the court admonished the parties that if an evidentiary hearing or trial is required because there are material issues of fact in controversy, costs and attorneys' fees may be imposed.  Since that date and without the benefit of defendant's subsequent objection and sur-reply it was clear that the key issue was whether or not the defendant had paid or not the balance owed.  The relevant and material controversy then before the court continues to this date, as the defendant has submitted evidence of payments to an entity named Master Pieces, although the relation to the Debtor is not clearly established. Therefore, the court concludes that there are material issues of facts in controversy.

CONCLUSION

In view of the foregoing, the trustee's motion for summary judgment is hereby denied. A separate order will be entered scheduling trial on the merits.

SO ORDERED.

In San Juan, Puerto Rico, this 5th day of October, 2016.

Enrique S. Lamoutte
United States Bankruptcy Judge

-4-